UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DANNY BURRELL and  :  NO. 2011-19721 (jf)
                             CHAPTER 13
IRIS BURRELL,             :

        Debtors   :

## ORDER CONFIRMING PLAN

The third amended plan under Chapter 11 of the Bankruptcy Code filed by Danny Burrell and Iris Burrell, on March 1, 2013 having been transmitted to creditors; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U. S.C. §1129(b) have been satisfied;

IT IS ORDERED that:

The third amended plan filed by Danny Burrell and Iris Burrell, on March 1, 2013 is confirmed.

A copy of the third amended plan is attached.

Dated: 5/8/13

BY THE COURT

_____
United States Bankruptcy Judge

B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
# Eastern District of Pennsylvania

IN RE: DANNY BURRELL AND IRIS    :    Case No. 2011-19721

BURRELL, DEBTORS    :

## DANNY BURRELL'S AND IRIS BURRELL'S
## THIRD AMENDED PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Danny Burrell and Iris Burrell (the "Debtors") from future income.

This Plan provides for two (2) classes of secured claims and one class unsecured claims. Unsecured creditors holding allowed claims will not receive distributions. . This Plan also provides for the payment of administrative and priority claims. The unsecured portion of the governmental claims will be treated as general unsecured claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1.    All allowed claims entitled to priority under § 507 of the Code and priority tax claims under § 507(a)(8)).

2.02 Class 2.    The claim of the secured creditors BMW Financial Services NA (Claim #9) to the extent allowed as a secured claim under § 506 of the Code.

2.03 Class 3.    The claims Bank of America Home Loans Servicing, Bank of America, N.A. Real Time Resolutions, Inc. MGC Mortgage, Inc. to the extent allowed as secured claims under § 506 of the Code.

2.04 Class 4    All unsecured claims allowed under § 502 of the Code.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims.</u> Under section § 1123 (a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims.</u> Each holder of a priority tax claim will be paid monthly in the claim amount, together with 4% interest, amortized over a sixty (60) month term consistent with § 1129(a)(9)(C) of the Code.

3.04 <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Plan Treatment |
|---|---|---|
| Class 1 – Priority Claims | Impaired | The IRS priority claims #10-5 and #18-1 will be paid in full, from future earnings, with interest at 4%, within sixty (60) months of December 23, 2011. Debtor will make equal monthly payments of $1,445.27 commencing on the effective date. In addition, Debtor will make four annual payments to the IRS in the minimum amount of $6,000, with the first payment being due on April 1, 2013. The three subsequent payments will be due on April 1, 2014, April 1, 2015 and April 1, 2016. The claim of Calvert County, Maryland in the amount of $278.48 will be paid in full in the month after confirmation. To the extent that the IRS has asserted an unsecured, non-priority claims, that portion of the claim will be treated as a Class 4 claim. The Georgia Department of Revenue Claim #11-2 in the priority amount of $4,875.66, will be paid in full, from future earnings, with interest at 4% based upon level monthly payments, all payments to be made within 60 months of December 23, 2011. Debtor has filed an Objection to Claim 19-1 filed by the New Jersey Department of Revenue. A hearing is scheduled for March 27, 2013. Debtor will pay the New Jersey Department of Revenue the allowed portion of the claim, which Debtor anticipates will be $10,287 in equal monthly |

|  |  | installments between the date of confirmation and December 22, 2016, with interest at 4%. |
|---|---|---|
| Class 2 – Secured claims | Impaired | Class 2 claims will be paid at the contract rate, for 40 months commencing at the effective date. |
| Claim 3 Secured claims | Impaired – secured creditors will receive in rem relief only. | Class 3 claims will be paid from the proceeds generated from the sale of the secured assets identified in Schedule A. Debtors will cooperate with Claim 3 creditors in the orderly liquidation of the secured real estate. Any deficit upon sale will be treated as an unsecured claim. |
| Class 4 claims – unsecured claims | Impaired | Debtors will pay Class 4 claims on a pro rata basis. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 **Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04 **Secured Claims.** Debtors will assign all right, title and interest to the real estate properties identified in Schedule A to the applicable secured lender. The unsecured portion of the claim held by the secured party will be paid in the same manner as a Class 4 unsecured claim.

5.05 **Unsecured Claims of governmental entities.** Debtors will recognize and treat the unsecured general claims asserted by governmental entities as Class 4 claims.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 **Assumed Executory Contracts and Unexpired Leases.**

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII":

    i. Residential lease for 6842 Point Pleasant Pike, New Hope, PA 18938

    ii. Parent student loan

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.0 1(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty (20) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.0.1 Means for implementation of the Plan. The value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. Debtors will fund the Plan from current earnings at the rate of $2,439 per month for a period of sixty (60) months and from anticipated bonus income. In addition, from Debtor's bonus income, they will make additional payments to the IRS annually beginning on April 1, 2013 at the rate of $6,000 per year. Debtors will distribute payments in the amount of $2,032.86 monthly to all Class 1 claimants. They will pay administrative expenses. They will distribute payments in the amount of $406 to Class 4 claimants on a pro rata basis. Debtors will transfer or assign all real estate identified in Schedule A to secured creditors identified in Class 3.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Administration. Once the Plan is confirmed, the Debtors will move to close the case, reserving the right to reopen the case upon completion of the payments required by the Plan.

## ARTICLE IX DISCHARGE

9.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS

10.01    Real Estate. Debtors will cooperate with the secured lenders, identified in Class 3 by transfer of any and all right, title and interest in the properties identified in Exhibit A, including the entry of in rem judgments and transfer of possession.

10.02    Creditor Action Restrained. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan

10.03.    Obligations to Each Class Separate. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For example, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

10.04    Material Default Defined. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

10.05    Remedies Upon Material Default. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

      10.06 <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

           Respectfully submitted,

           By: <u>*Iris Burrell*</u>
           Plan Proponent

           By: *David L. Marshall*
           Attorney for the Plan Proponent
           By:   /s/ David L. Marshall
           Eastburn and Gray, P.C. 60 East Court Street
           (215)345-7000
           Fax No. 215-542-9421

## SCHEDULE A

- 14 Colleen Court, Rockaway, New Jersey, 07866;
- 21359 Jettison Drive, Lexington Park, Maryland, 20653
- 770 Belle Field Road, Solomons, Maryland, 20688